## 18159

Beverly N. BAKER, Respondent, v. Ernest McNAUGHTON, d/b/a Midway Taxi, Corbett Jenkins, d/b/a Victory Cab Co. and Harold Chris Hasty, Defendants, of whom Ernest McNaughton, d/b/a Midway Taxi Company is, Appellant.

(134 S. E. (2d) 397)

470

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,*

*Messrs. Gregory & Gregory,* of Lancaster, *for Respond-ent,*

January 16, 1964.

LEWIS, Justice.

The plaintiff brought this action against the defendants Harold Chris Hasty, Ernest McNaughton, d/b/a Midway Taxi Company, and Corbett Jenkins, d/b/a Victory Cab Company, to recover for personal injuries sustained when he was struck by an automobile driven by the defendant Hasty. The trial of the case resulted in a judgment for the plaintiff for actual damages against the defendants Hasty and McNaughton, the jury returning a verdict in favor of the defendant Jenkins. Only the defendant McNaughton has appealed.

Under the exceptions, we are only concerned with a determination of whether the trial judge erred in refusing to grant the timely motion of the defendant McNaughton for a directed verdict in his favor. The motion was made upon the grounds (1) that the testimony failed to show any actionable negligence or recklessness on the part of the driver of his vehicle, (2) that, even if the testimony did so show, the plaintiff was guilty of contributory negligence and recklessness which bars recovery, and (3) that the negligent and reckless acts of the defendant Hasty were the sole proximate cause of plaintiff's injury.

The agreed Statement in the record sets forth the facts substantially as follows: On June 1, 1962, the plaintiff was employed as a carpenter and his work day ended at 5:30 o'clock P. M. Between 5:30 o'clock P. M. on June 1, 1962 and 2:30 A. M. on June 2, 1962, he consumed at least four drinks of liquor and several bottles of beer. At approximately two o'clock A. M. on June 2nd, the plaintiff employed a taxicab owned by the defendant McNaughton to take him to his home on Summit Drive which is a road leading from S. C. State Highway No. 200. The defendant McNaughton's driver carried the plaintiff to his home and was preparing

to leave when the battery on his car became too weak to start the motor. Being unable to start the motor, the driver radioed for another of McNaughton's cabs to come to his assistance. Assistance came but they were still unable to start the motor. About this time, a taxicab owned by the defendant Jenkins came by and the offer of the driver to push the disabled cab was accepted. The disabled cab was then located on Summit Drive which entered Highway No. 200 on a decline. In order to get the bumpers of the two vehicles to meet, the disabled cab was allowed to roll down grade into Highway No. 200 where the Jenkins' cab was driven to the rear of McNaughton's disabled cab so that the front bumper of the Jenkins' cab and the rear bumper of the McNaughton cab would meet. When the vehicles were thus aligned on Highway No. 200, they were in their right hand lane of travel, on the paved portion of the highway and about three feet to the right of the center line. While the automobiles were being so aligned on the highway, the plaintiff voluntarily came from his house, about five hundred feet away, to the scene. The plaintiff and the two drivers of the taxicabs were standing near the center of the highway beside the stopped vehicles when the defendant Hasty came upon the scene proceeding in the same direction in which the two taxicabs were headed. His automobile struck the rear of the Jenkins' cab and veered to the left across the highway. Just before the automobile of the defendant Hasty struck the Jenkins' cab, someone yelled "look out" and those standing beside the stopped vehicles ran. The drivers of the two cabs were able to get out of the way but plaintiff failed to make it and was struck as he reached a point about the center of the left hand lane opposite the stopped taxicabs. The testimony is uncontradicted that the defendant Hasty was under the influence of some intoxicant at the time, and the plaintiff had been drinking rather heavily but not enough to keep him from getting about or to dampen his curiosity.

As heretofore stated, this appeal is only concerned with the liability, if any, of the defendant McNaughton for the

injuries sustained by the plaintiff when he was struck by the automobile of the defendant Hasty. The charges of negligence and recklessness against McNaughton and his agent were (1) that he permitted the use of his taxicab while in a defective condition, and (2) that his taxicab was illegally stopped on the traveled portion of the highway without proper lights, signals or warnings to the traveling public of its presence.

Under our view of the record, further pursuit of the question of whether the testimony shows actionable negligence on the part of the defendant McNaughton or his agent is unnecessary; for, assuming such negligence, the record clearly shows that the plaintiff was guilty of contributory negligence and recklessness so as to bar him of recovery.

The plaintiff had been drinking intoxicants rather heavily during the night. He was carried safely to his home by the McNaughton taxicab about 2:30 o'clock A. M. The plaintiff then voluntarily left his home and went about 500 feet to the scene. He was not requested to assist in starting the taxicab and was performing no duty in connection therewith. He testified that he was holding a flashlight in his hand, but there is no testimony that he was requested to do so or that it was of any assistance in getting the disabled cab started. The testimony is devoid of any inference that anything done, directly or indirectly, by McNaughton or his agent distracted the attention of the plaintiff or kept him from getting out of the way of the oncoming vehicle of Hasty in time to avoid being struck by it.

The plaintiff testified, with reference to the approach of the vehicle which struck him, that its headlights could be seen for about one-half mile. He further testified as follows: "I could see his headlights. I couldn't say that he was speeding, * * *. He applied his brakes and the front of his car swerved to the right. He released his brakes and headed toward the cars. When he got near the distance of the cars; it looked as if he tried to swerve his car around and when

he come in this way and that is when the Demby boy ran across the highway."

In accord with settled principles of law, a person who stands upon a highway must exercise reasonable care for his own safety and is required to do such things as ordinary prudence would suggest for his own self preservation. His failure to do so would amount to negligence.

The plaintiff was a mere onlooker at the scene. The lights of the vehicle which struck him could be seen for a distance of about one-half mile away. He was aware of its approach and should have appreciated his danger, for he testified that he was standing near the center of the highway beside two vehicles which blocked the right-hand lane in which the approaching automobile was traveling. He, therefore, knew that he was standing on the side of the stopped vehicles on which the approaching automobile must travel if it passed. The plaintiff had ample time to get out of the road, but failed to do so or to take any precaution for his own safety. Under the circumstances, the actions of the plaintiff amounted to a conscious failure to exercise due care for his own safety and would constitute contributory negligence and recklessness so as to bar him of recovery. The trial judge should have so held.

Reversed and remanded for entry of judgment for the defendant.

TAYLOR, C. J., and Moss, BUSSEY and BRAILSFORD, JJ., concur.